UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYE W CHUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEGAN J. BRENNAN,<br><br>　　　　　Defendant. | Case No. 19-cv-07278-VC<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 12 |

　　　　Kye W. Chung has sued Megan J. Brennan, the former Postmaster General of the United States Postal Service, alleging various misconduct by his supervisor during his time working as a mail clerk at the Pacifica Post Office. Chung previously raised similar and related allegations in various proceedings before the Equal Employment Opportunity Commission (EEOC).

　　　　Brennan has moved to dismiss Chung's complaint in its entirety under Rule 12(b)(6). Brennan also contends that, to the extent that Chung's complaint states cognizable claims, those claims are barred for failure to exhaust administrative remedies or, in the alternative, for failure to sue before the statutory deadline expired. Brennan's motion to dismiss is granted. As discussed below, the portions of Chung's complaint regarding age discrimination, disability discrimination, and retaliation are dismissed for failure to state a claim under Rule 12(b)(6). To the extent that Chung's complaint alleges a cognizable claim for national origin or race discrimination, that claim is dismissed for failure to timely file.

　　　　When considering a motion to dismiss for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Chung fails to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" as to age discrimination, disability discrimination, and retaliation. *Iqbal*, 556 U.S. at 678. For example, among other requirements, a claim for age discrimination under 29 U.S.C. § 623(a) must allege that an employer refused to hire, discharged, limited, segregated, classified, or reduced plaintiff's wage because of his age. Chung has, at most, stated that his supervisor suggested his age caused her to doubt that he could complete certain training requirements. Complaint at 2, 12, 13. Similarly, although Chung states that he has physical and mental health impairments, he does not state any facts suggesting that these impairments rise to the level of being disabled under the Rehabilitation Act, let alone satisfying the other elements of that act. *Walton v. United States Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), *cert. denied*, 552 U.S. 1097 (2008). As for his Title VII retaliation claim, although Chung has indicated that he engaged in the protected activity of filing a complaint with the EEOC, he has not indicated what adverse employment action he was harmed by as a result of that activity. Complaint at 6; *see Heyer v. Governing Bd. Of the Mt. Diablo Unified Sch. Dist.*, 521 F. Appx. 599, 601–2 (9th Cir. 2013).

It bears noting that, as Brennan's motion to dismiss explains, Chung's claims for age discrimination, disability discrimination, and/or retaliation may well have been barred by failures to exhaust administrative remedies or failures to timely file a civil action in the wake of Chung's prior EEOC proceedings, even if he had plead sufficient facts to support them. But because Chung has not plausibly stated claims in these categories, the Court need not decide those questions of exhaustion and timeliness here. *See Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019).

In contrast, Chung's complaint can be reasonably construed to state a plausible claim for national origin or race discrimination under Title VII of the Civil Rights Act. *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). Chung alleges that he is Korean American and therefore a

member of a protected minority racial group, Complaint at 2; that he had worked as a mailroom clerk for more than 20 years, suggesting that he was qualified for the position, Complaint at 3; that his supervisor effectively reduced his wages by denying him opportunities for overtime work contrary to Post Office policies, Complaint at 14; and that other clerks who were junior to him were instead given those opportunities because of their different racial identity, Complaint at 14. Although far from a slam-dunk case under Title VII, these factual allegations do support a reasonable inference that Chung may have a claim under that law.

However, Chung's Title VII claim for national origin or race discrimination is barred by his failure to timely file a suit. Chung raised identical allegations in his January 2015 proceeding before the EEOC. That proceeding ended when the Office of Federal Operations affirmed the decision of an administrative judge finding that Chung had failed to prove the alleged discrimination on June 30, 2017, and Chung's request for reconsideration was denied on October 6, 2017. At that point Chung was informed that he had 90 days to file a civil complaint. But this complaint was not filed until November 5, 2019—after the EEOC resolved a second formal complaint that did not include allegations that Chung had been wrongfully denied overtime opportunities due to his race. Chung's claim for national origin or race discrimination is therefore not timely and must be dismissed.

For the foregoing reasons, Chung's complaint is dismissed in its entirety, with leave to amend. Chung may file an amended complaint within 21 days, or else dismissal will become with prejudice. The response to any amended complaint is due 14 days after filing. In the event that the government moves to dismiss an amended complaint, Chung is on notice that he will be required to respond to the substance of the arguments in the motion to dismiss, which he did not do in response to this motion.

**IT IS SO ORDERED.**

Dated: August 20, 2020

VINCE CHHABRIA
United States District Judge